JUDGE ROBERTSON
delivered the opinion op the court:
This is an appeal from a judgment for eight hundred and seventy dollars, rendered on an account for the price of eighty barrels of beer sold by the appellee, at Louisville, Kentucky, to Theodore Muhling, of Nashville, Tennessee, on the credit of the appellants, and charged to them on the appellee’s day-book.
The appellants, by their counsel, insist that their promise was only a collateral undertaking to pay the subsisting debt of Muhling; and therefore, there being no written evidence of it, this action cannot be maintained.
But not concurring in that assumption of the character of their contract, we must dissent from the conclusion.
*227 The testimony, as embodied in the record, shows that the appellee, considering Muhling insolvent, determined, when he sold him the beer, neither to prepare it for delivery nor deliver it to him without other assurance of payment when the price shoúld become due; and finally delivered it at the instance of the appellants, and only on their promise to pay the price and their direction to charge it to them, which the appellee accordingly did.
Their promise was, therefore, the consideration, of the consummated sale, and apparently the only consideration for the delivery, which, without payment or some satisfactory assurance of it, could never have been coerced. And, consequently, although, on the completion of the sale and the delivery to Muhling on their credit, he, too, was bound as purchaser, yet theirs was an original promise to pay their own debt, which, without their intervention and credit, would never have existed availably to the appellee, who was induced only by their assurance to part with his beer; and, therefore, charged the price to them alone as the purchasers.
The statute of frauds does not apply to any such oral contract.
Nor does the appellee’s subsequent attachment of goods, supposed to be Muhling’s, show that he did not consider the appellants originally liable as principals. That proceeding was reluctantly instituted at the urgent request, and for the sole benefit of the appellants, against the appellee’s first spontaneous resolution, and against the advice of his counsel. And, while the appellee’s petition in that experimental case alleged truly that Muhling bought the beer, and had not paid for it, it neither stated nor implied that it was not sold and delivered on the credit of the appellants.
*228 The appellee’s day-book, showing that the beer was charged to the appellants and not to Muhling, was proved by a witness who, in obedience to the appellee’s instructions, made that charge, and was, against the will of the appellants, submitted to the jury as evidence; and this is complained of as error.
Admitting that the entry in the day-book was not competent evidence of the truth of the charge, it was certainly admissible as the very best proof that the appellee charged the beer as sold on their credit, and not on that of Muhling, and this was essential to show that their promise was original, and not merely collateral. Thus there seems to be no error in admitting the day-book for that pui’pose; and, as a consequence of the foregoing conclusions, there is no error in giving or refusing instructions.
But the verdict and judgment seem to be for more than the record will sustain. It appears that the beer was sold on time, but what time is nowhere shown. Interest could not be allowed, therefore, beyond the institution of this action. And the principal and interest from that date are about forty-six dollars less than the amount adjudged.
For this excess alone the circuit court ought to have sustained the motion for a new trial, on the assigned ground that the verdict was not authorized by the law and the evidence.
Wherefore, for this error only, the judgment is reversed, and the cause remanded for a new trial.