# Keyser v. Hopkins.

(Decided January 23, 1931.)

W. K. STEELE for appellant.

FRANK P. DAMRON for appellee.

OPINION OF THE COURT BY HOBSON, COMMISSIONER—
Affirming.

Bob Hopkins brought this action against the Rice Elkhorn Coal Company, the New Keyser Coal Company, and Charles M. Keyser, Sr. He alleged in his petition these facts: On or about October 3, 1927, he was employed by the Rice Elkhorn Coal Company to take care of its properties at Pauley, Pike county, Ky., consisting of mules, ponies and other live stock, coal mining equipment, store and merchandise, and everything connected with the coal operation of the company, for which it

agreed to pay him the sum of $75 a month; that he so worked for a period of one year, amounting to the sum of $900. In taking care of and feeding the live stock he was compelled to expend, and did expend, $94.50 for feed. He had been paid $361.93, leaving a balance due him of $538.07, which was unpaid. On or about October 1, 1928, the Rice Elkhorn Coal Company conveyed to the defendant Charles M. Keyser, Sr., all of the property above mentioned. The transfer was made by an instrument of writing of date October 17, 1928, and Charles M. Keyser in consideration of the purchase made by him of said properties agreed to pay the plaintiff the balance due him and to assume the obligations of the contract between the plaintiff and the Rice Elkhorn Coal Company; he being the owner and chief stockholder of the New Keyser Company for which he took over the property, and he personally and on behalf of that company promised and agreed to pay the plaintiff for his services and requested him to continue his services as caretaker of said property. The New Keyser Coal Company and Charles M. Keyser Sr., filed a joint answer to the petition denying its allegations. Judgment by default was rendered against the Rice Elkhorn Coal Company in favor of the plaintiff. The plaintiff then filed an amended petition in which he alleged that on numerous occasions while he was engaged, as set forth in his petition, and while the property was in litigation between the Rice Elkhorn Coal Company and Charles M. Keyser, Sr., said Keyser requested him to keep, feed, and care for the live stock above mentioned and take care of the other properties, then in litigation, and that said Keyser for himself and the New Keyser Coal Company promised and agreed with him that if he took over the property he would pay plaintiff the sum of $75 a month for taking care of the property as above set out, and that about October 1, 1928, Charles M. Keyser, Sr., did take over all of the property, but had not paid him any part of his claim.

The allegations of the amended petition were denied by answer and by agreement of parties all affirmative matter contained in the pleadings was traversed of record. On the hearing of the evidence the court instructed the jury peremptorily for the defendant the New Keyser Coal Company, and the case being submitted to the jury they found a verdict in favor of the plaintiff,

against Charles M. Keyser, Sr., for the amount sued for. Keyser's motion for a new trial was overruled, and he appeals.

The proof for the plaintiff on the trial showed these facts: The plaintiff for some time prior to October 3, 1927, had been working for the Rice Elkhorn Coal Company. The company stopped work but retained Hopkins there as a caretaker at $75 a month. On or about October 3, 1927, Keyser made a contract with the company to buy the property and after looking at the property with Hopkins told Hopkins to stay there and do certain things. He said, "Bob I have took possession." Then Keyser refused to carry out his purchase. A day or so later he told Hopkins to stay and if he had to take the mine that he would pay him; that he would pay him $75 a month if he would look after things. He said: "We are in a law suit. If I have to take it I will pay you and if the Rices have to keep it you will have to look to them." Hopkins stayed there and took care of the property under these terms. The litigation proceeded, and in October, 1928, the litigation was settled by an agreed judgment, under which the property was conveyed to Keyser for the sum of $40,000. The agreed judgment contained these words:

"Second: The entry of this order, it is agreed, shall extend and confirm all right, title and interest of the plaintiff in the lease above mentioned, merchandise, powder, machinery, equipment and other personal property which was situated at or near the mining operation of plaintiff in Kentucky at Pauley, Pike County, Kentucky, on or prior to October 3, 1927, as possessed by the defendant, the plaintiff agreeing to execute such other and further instruments of writing as may be required to further assure title to the leasehold, chattel and other property."

The plaintiff introduced several witnesses sustaining his testimony as to the agreement made between Keyser and him. But all of this was denied by Keyser. The court at the conclusion of the evidence gave the jury these instructions:

"A. The court instructs the jury that if on or about the third day of October, 1927, the defendant, C. M. Keyser, Sr., requested the plaintiff, Bob Hop-

kins, to keep, feed, graze, and care for the live stock and to care for the other properties of the Rice Elkhorn Coal Company, which was in litigation at the time and agreed with the plaintiff, Bob Hopkins, that if the defendant, C. M. Keyser, Sr., thereafter took over the property, he would pay the plaintiff the sum of $75.00, per month, for his services for so doing, and that the plaintiff thereafter, for any time before said properties were taken over by the defendant, fed, grazed and cared for said livestock and took care of the other properties of said Rice Elkhorn Coal Company, then in litigation, and that plaintiff did so under and pursuant to said arrangement between the plaintiff and said C. M. Keyser, Sr., and as a result of said promise of said C. M. Keyser, Sr., to pay him therefor, if there was any such arrangement and promise on the part of said C. M. Keyser, Sr., in this event you will find for the plaintiff for such time as he so kept, fed, grazed and cared for said live stock and took care of the other properties of said Rice Elkhorn Coal Company, at the rate of $75.00 per month, but not to exceed the sum of $900.00, subject to a credit of $361.93, and if the jury find for plaintiff, the whole finding shall not exceed the sum of $538.07. Unless the jury so believe they should find for defendant.

"B. The court further instructs the jury that the defendant, C. M. Keyser, Sr., by reason of taking over the properties of Rice Elkhorn Coal Company, referred to in the evidence, or any of the negotiations seeking to buy same, is not liable for the debts of Rice Elkhorn Coal Company, and if the jury believes from the evidence that the plaintiff, Bob Hopkins, was employed by the said Rice Elkhorn Coal Company to perform said services for said Rice Elkhorn Coal Company without any promise or agreement on the part of the defendant, C. M. Keyser, Sr., to the plaintiff, to pay plaintiff therefor, in this event the law is for the defendant and the jury should so find."

By section 470, Ky. Stat., it is provided, among other things, that no action should be brought to charge any person "upon a promise to answer for the debt, default, or misdoing of another," unless the contract be in writing. It is earnestly insisted that the case falls within

the statute and that the court should have instructed the jury peremptorily to find for the defendant. But the promise shown was a promise of the defendant to pay the plaintiff for his services rendered at his request in caring for the property while in controversy between him and the Rice Elkhorn Coal Company. The general rule applied in such cases is thus stated in 27 C. J. p. 136, sec. 21:

"An oral promise which, under the circumstances, is in effect a promise to pay a debt due from the promisor himself is not within the statute, although the incidental result of its performance may be the discharge of a debt of another."

To the same effect, see Leisman v. Otto, 1 Bush, 225; Petrie v. Winn, 187 Ky. 797, 220 S. W. 1072; White v. Carter Dry Goods Co., 221 Ky. 845, 299 S. W. 1079.

It was undisputed that Keyser had taken over the property and had accepted the conveyance from the Rice Elkhorn Coal Company. It was to his interest to have the property properly cared for during the pendency of the litigation, and his promise to pay Hopkins for his services in so caring for the property at his request was simply a promise to pay his own debt.

It is also insisted that court erred in admitting evidence. As shown by the transcript, the court carefully excluded all incompetent evidence and the jury could not reasonably have misunderstood. The court does not find here any substantial error affecting the rights of appellant.

The instructions of the court correctly submitted to the jury the real issues in the case. The court properly refused to instruct the jury that Keyser was not responsible for any services of Hopkins before October 3, 1928, the date of the agreed judgment. The court also properly refused to instruct the jury on the question whether Keyser agreed to pay the plaintiff's claim as a part of the consideration of the purchase price of the mine. Hopkins had nothing to do with the purchase of the mine Hopkins had a right to look to Keyser personally for his money independently of any settlement that Keyser made with the Rice Elkhorn Coal Company. The question to be decided by the jury was simply whether Keyser had promised to pay Hopkins for his services.

110

The judgment on the verdict of the jury gives Hopkins interest from October 1, 1927. This was a clerical error and may be corrected in the circuit court on motion. Clark v. Finnell, 16 B. M. 329; Leisman v. Otto, 1 Bush, 225; Tobin v. South, 36 S. W. 1039, 18 Ky. Law Rep. 350; Pendleton v. Patrick, 57 S. W. 464, 22 Ky. Law Rep. 378; Wren v. Cooksey, 147 Ky. 825, 145 S. D. 1116.

Judgment affirmed.