## Upchurch et al. v. Clinton County et al.

April 16, 1940.

J. S. Sandusky, Judge.

Hile Pritchard and E. Bertram for appellants.

J. G. Smith for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE RATLIFF—
Reversing.

The appellants, W. H. Upchurch and C. E. McKinley, brought this action against Clinton County, Kentucky, seeking to recover of it a judgment obtained in the Clinton County Court by John Neatherly and assigned by Neatherly to appellants.

The petition alleges in substance that in the year 1937 Clinton County instituted condemnation proceedings against Neatherly to condemn a right-of-way through Neatherly's land for the purpose of constructing a state highway by the State Highway Commission; that appraisers were appointed to assess the value of the land taken as a right-of-way and also the damages to abutting land by reason of the construction of the highway, and the commission assessed the value of the land so taken at $400 and the damage to abutting land at $200, or a total of $600, which report was confirmed by the county court and judgment entered accordingly; that thereafter for a consideration of $600 paid by appellants to Neatherly the latter assigned the benefit of the judgment to appellants, and that they are now the owners of same and entitled to collect the said sum of $600 from Clinton County which the county has failed and refused to pay.

The county filed its answer, the first paragraph of which consists of a 'raverse and by paragraph two it plead that after the commissioners had been appointed by the Clinton County Court in the condemnation proceedings mentioned in the plaintiff's petition, and after the commissioners had filed their report awarding damages in the total sum of $600 as set out in the petition, J. A. Flowers, then County Attorney of Clinton County,

filed exceptions to the commissioners' report because the damage allowed was excessive and after the exceptions were filed appellants, particularly Upchurch, for himself and as agent for McKinley, fraudulently procured and caused said County Attorney to withdraw the exceptions and agree for the commissioners' report to be confirmed by the judgment of the Clinton County Court, by then and there agreeing with and promising the County Attorney that he, appellant, and his co-plaintiff, C. E. McKinley, would pay $250 of the said sum of $600, and would pay the whole of said damages so awarded by the commissioners' report if the Clinton County Fiscal Court did not pay as much as $350 of the same and that they, the plaintiffs, would donate and give to Clinton County such damage in order to have the said highway built which passed by their farms; that said County Attorney would not have withdrawn said exceptions or agreed to or for the confirmation of the commissioners' report except for the fraudulent agreement and representations on the part of appellants, and that appellants made such agreement with the County Attorney with the fraudulent intent and for the fraudulent purpose at the time of not complying with said agreement, but for the purpose of securing the agreed judgment as aforesaid without any delay so the contract might be immediately awarded by the State Highway Commission for the building of said road, and that Upchurch made said fraudulent agreement intending at the time for himself and co-plaintiff, C. E. McKinley, to pay said Neatherly the said sum of $600 and have Neatherly assign same to them in order that they might sue Clinton County for the full amount thereof. It is further alleged that by reason of the aforesaid facts the said order and judgment of Clinton County Court confirming the commissioners' report and awarding damages therein to Neatherly in the sum aforesaid and assignment of said judgment by Neatherly to the plaintiffs, appellants herein, are and were void, which facts are now plead and relied upon in bar of any right of recovery by the appellants in this action. By paragraph three of the answer Clinton County plead that the said judgment and order of the Clinton County Court was void because it was in excess of the income and revenue of Clinton County for the fiscal year ending June 30, 1938. However, the court sustained a demurrer to this

paragraph of the answer and no complaint is made by Clinton County as to the propriety of the court sustaining the demurrer thereto. Hence we give this defense no further consideration.

By subsequent pleadings issue was joined upon the defense set out in paragraph two of appellee's answer relating to the obtention of the judgment by fraud on the part of the appellants by inducing the County Attorney to withdraw the exceptions to the commissioners' report and suffering judgment to be rendered against the county. A jury trial was had and resulted in a verdict in favor of Clinton County upon which verdict the court entered judgment dismissing appellants' petition. Hence this appeal.

Appellants insist (1) that the evidence is insufficient to establish any fraud on the part of Upchurch in inducing the County Attorney to withdraw the exceptions to the commissioners' report as alleged in the answer, and (2) if appellant did so induce the County Attorney to withdraw the exceptions by promising him that he would pay $250 on the amount of damages awarded Neatherly by the commissioners, it was an oral promise to pay the debt or obligation of another, and therefore void under the statute of frauds, (Section 470, Kentucky Statutes).

(1) It would serve no good purpose to enter into a detailed discussion of the evidence. It is sufficient to say that we find the evidence to be amply sufficient to sustain the jury or any fact finding body in finding that appellant Upchurch did promise the County Attorney that if he would withdraw the exceptions to the commissioners' report and let it be confirmed he would pay $250 of the amount of damages awarded Neatherly, and because of this promise the County Attorney did withdraw the exceptions and permitted the report to be confirmed and judgment entered accordingly. However, we do not think these facts render the judgment void, but the facts pleaded are sufficient to constitute a valid defense available to the county as against appellants in this action to recover of the county the full amount of the judgment, and we treat paragraph two of appellee's answer as such defense, but not as grounds for holding the judgment void as between the county and Neatherly.

The evidence tends to show that appellant promised

to pay $250 on the amount of damages awarded Neatherly for the right-of-way leaving a balance of $350 to be paid by the county. It is our conclusion therefore that under the proven facts and circumstances disclosed by this record, appellants are entitled to recover of the county the sum of $350 in any event, and the only issue of fact to be submitted to the jury was whether or not appellants promised and agreed with the County Attorney or its other authorized officials and agents that if the exceptions to the commissioners' report be withdrawn and judgment entered for the sum recommended therein appellants would pay the sum of $250 of the amount so awarded for the right-of-way.

All the evidence tends to show that the road to be constructed on the right-of-way in question passed by appellants' farms, and the road was actually constructed and appellants were benefited thereby. We think there is sufficient consideration to support appellants' promise to pay the said sum of $250.

This brings us to a consideration of whether appellants' promise to pay the said sum of $250 on the judgment awarded Neatherly comes within the statute of frauds. Ordinarily, a promise to pay the debt or default of another not in writing is prohibited by the statute, supra. However, there are numerous exceptions to that rule. It has often been held by this court that where the consideration for an agreement to pay the debt, default or obligation of another redounds to the benefit of the promissor, the statute does not apply. Cole & Moore v. Aetna Cas. & Ins. Co., 280 Ky. 757, 134 S. W. (2d) 639, and cases therein cited. As stated in our discussion in reference to consideration of the promise, the appellants received the benefit of the promise, since the purpose they had in mind, or the end to be accomplished by the promise, was actually accomplished and was beneficial to the appellants. The statute of frauds is based upon a sound public policy, and it is to be used as a shield rather than a sword. It would be inequitable and unfair to permit one to receive and enjoy the benefits of a promise and then evade his part of the obligation because the promise was not in writing.

Upon another trial of the case if the evidence is the same or substantially the same as is in the present record, the court will direct a verdict in favor of the

appellants in the sum of $350 and submit to the jury under appropriate instruction the issue involving the sum of $250, as indicated above.

The judgment is reversed and remanded for proceedings consistent with this opinion.