STATE AUTOMOBILE INSURANCE COMPANY, a Corporation, Appellant,

v.

Dr. Claude WILSON and Dr. Foster Wilson, Appellees.

Court of Appeals of Kentucky.

June 17, 1955.

538

Wm. P. Donan, Greenville, for appellant.

Hubert Meredith, Greenville, for appellees.

CAMMACK, Judge.

The appellees, Drs. Claude and Foster Wilson, brought suit against the appellant, State Automobile Insurance Company, to recover $4,212.70 for medical services rendered to Judson Saddler, U. L. Saddler and Gordon Saddler, who were injured in an automobile accident in Greenville, Kentucky. Harold Parham was driving the car which injured the Saddlers. The appellant had issued a policy of liability insurance on the Parham car. This appeal is from a judgment for the appellees upon the jury's verdict for the amount sought.

The Saddlers were injured, and their medical treatment began, on November 22, 1949. Judson Saddler brought suit against Harold Parham, the driver of the car, and Eula Parham, its owner, in March, 1950. At the trial of that action a verdict was directed for the Parhams at the close of the plaintiff's evidence. That judgment was affirmed on appeal to this Court in the case of Saddler v. Parham, Ky., 249 S.W. 2d 945. Other actions filed by U. L. Saddler and Gordon Saddler were then dismissed.

The present action was based upon an allegation that the appellant, in order to protect itself in the event it should be held liable on its insurance policy on the Parham car, contracted directly with the appellees, through its duly authorized agent, to give medical treatment to the Saddlers. The appellant contends that the alleged contract was within the Statute of Frauds, on the theory that it was a promise to answer for the debt or default of another. KRS 371.010(4).

Dr. Foster Wilson testified that George Strong, who witnessed the accident, called and asked him if he would take care of the Saddlers who had been taken to the hospital in Greenville. He said he would do so and went to the hospital for that purpose. After he had been at the hospital about two hours Lee Martin, a claim agent and adjuster for the appellant came to the hospital. He inquired as to the condition of the patients and said to Wilson, "Doctor, do everything you can for them." Wilson said Martin indicated that he wanted the Saddlers to receive good treatment because, in the event of liability, it would be more expensive to the Company if they lost limbs or should die. He said also that pursuant to that conversation he rendered services to the Saddlers with the understanding that the Company would pay for the services. Judson was under treatment for approximately two years. The other two boys were hospitalized from six to nine months. During the course of the care of the Saddlers, Martin inquired frequently concerning their progress toward recovery. It appears also that Martin asked for a statement of the amount of the doctors' bills at their office eight or nine times, and that Foster Wilson, on occasions, delivered him written statements of the bills. Foster Wilson admitted on cross-examination that the account was carried in the names of Judson and Shelly Saddler, the boys' father, and that he and his father, Claude Wilson, had been the Saddlers' family physicians.

We think there was sufficient evidence for the jury to find that a form of express contract, i. e., a contract implied in fact, was entered into between the appellant and the appellees under which the appellant agreed to pay for medical services rendered by the appellees to the Saddlers. In order to establish such an ex-

press contract, it is not necessary that the evidence show a categorical promise by the recipient to pay for the services, and also a like agreement by the performer to render the services upon that promise. On the contrary, if the proven facts and circumstances are such as to demonstrate fairly that both the party rendering the services and the one receiving them expected, understood and intended that compensation would be made, then the court or the jury trying the case is authorized to find an express contract for payment. Cheatham's Ex'r v. Parr, 308 Ky. 183, 214 S.W.2d 95.

■■■ This brings us to the question of whether the contract is among those required to be in writing under the Statute of Frauds. Stated simply, the rule, as applied to this case, is that the statute is not applicable where the consideration for the agreement redounds to the benefit of the promisor, or the promise is made to protect some interest of the promisor. Upchurch v. Clinton County, 282 Ky. 510, 139 S.W. 2d 432; Keyser v. Hopkins, 237 Ky. 105, 34 S.W.2d 968. The evidence shows beyond question that Martin was acting on behalf of the appellant and was seeking to protect its interests. This is not to suggest that he was indifferent to the suffering and condition of the Saddlers. It is apparent to us that he would not have requested Foster Wilson to do everything he could for them, and would not have demonstrated such interest in their recovery, or the amount of the bills, had he not thought that the Company might be liable for their expenses. The agreement was not within the Statute of Frauds.

■ The appellant contends also that the trial court should have submitted to the jury the question of whether the contract was original or collateral. However, the instructions authorized the jury to find for the Wilsons only if they believed the doctors " * * * rendered medical and surgical professional services to said Saddler after said employment * * *." We think this fairly submitted to the jury the question of the origin of the contract.

Judgment affirmed.